Dear Ms. Landrieu:
Reference is hereby made to your letter requesting an opinion of this office as to the dedication and allocation of certain gasoline taxes to the Lake Charles Port, Harbor and Terminal District (the "District"). Since 1930, the District has annually received revenues in an amount equal to 1/20 of a 1 tax levied by the state on gasoline and motor fuels (the "Tax") under the authority of LSA-R.S. 47:711. The dedication of the Tax was granted in 1930 by Article VI-A, Section 5 of the Louisiana Constitution of 1921, continued as a statute in 1975 under the authority of Article 14, Section 16 of the Louisiana Constitution of 1974, and is currently found in LSA-R.S.47:727(B)(4)(a) (the "Statute"). The Statute provides that the Tax be used (1) to pay principal and interest on any bonds issued by the District and (2) after paying debt service, the remainder to be considered as current revenues of the District.
Effective January 1, 1990, there was established in the state treasury by Article 7, Section 27 of the Louisiana Constitution of 1974 (hereinafter referred to as "Section 27") a special permanent trust fund designated as the Transportation Trust Fund (the "Fund"). All avails received in each year from all taxes levied on gasoline and motor fuels and on special fuels (the "Revenues") are required to be deposited into the Fund, after satisfying certain pledges of the Revenues for the payment of obligations for bonds or other indebtedness in existence on the effective date of Section 27. This section provides that after (1) the payment of any obligations for bonds or other evidences of indebtedness in existence on January 1, 1990 which are secured by Revenues; (2) payments in respect of bonds authorized in Paragraph (C) of Section 27; and (3) credit of the Revenues to the Bond Security and Redemption Fund, the Treasurer must deposit in the Fund all remaining Revenues. The Tax received by the District, being a tax on gasoline and motor fuel, is subject to the provisions of Section 27 and constitutes a portion of the Revenues.
We understand that the Tax has been remitted in full to the District by your office in accordance with the provisions of the Statute. Your office has recently taken the position that, based upon the provisions of Section 27, you are only required to remit an amount of the Tax sufficient to pay debt service on the District's outstanding certificates of indebtedness payable in each fiscal year. The District disputes this conclusion and states that the entire avails of the Tax have been pledged by the District to secure its indebtedness and that a reduction in the Revenues would violate their pledge covenants with bondholders.
The District, has issued debt under the authority contained in Part II, Chapter 1 of Title 34 of the Louisiana Revised Statutes of 1950, and currently has outstanding two issues of Certificates of Indebtedness, dated October 15, 1978 and September 1, 1980. Both issues are payable from and secured by a dedication and pledge of (1) an ad valorem tax levied pursuant to LSA-R.S. 34:209 and (2) from charges, fees and the like derived from the operation of the District. The issue dated September 1, 1980 is additionally secured, on a first lien priority, by revenues received from Crowley Maritime Corporation, pursuant to a sale agreement with the District.
It should be noted that the resolutions of the District authorizing the issuance of debt prior to January 1, 1975, which have now been paid in full and are no longer outstanding, specifically provided for the pledge of the Tax to the payment of principal and interest on such debt. This explicit pledge is omitted in the resolutions authorizing the two outstanding issues of certificates of indebtedness.
We have reviewed Resolution No. 78-154 (the "1978 Resolution") authorizing the issuance of the certificates of indebtedness dated October 15, 1978 and the resolution adopted on August 21, 1980 (the "1980 Resolution") authorizing the certificates of indebtedness dated September 1, 1980. We note the following language in said resolutions with respect to the security and payment of said issues:
1. The 1978 Resolution
 Section 5 states in part as follows: "The Certificates of Indebtedness herein authorized shall be secured by and payable from a dedication and pledge of the Property Tax [authorized to be levied under LSA-R.S. 34:209] . . . and from a dedication and pledge of charges, fees, and the like derived from the operation of the Lake Charles Harbor and Terminal District (herein sometimes referred to as "revenues of the District" or "Revenues"). . . ."
* * *
 "In preference to all other claims, except the pledge and dedication securing Outstanding Certificates, the proceeds derived from the levy and collection of the Property Tax or any part thereof, as received by this Board of Commissioner, shall . . . be deposited . . . in a special fund . . . until there is on deposit in said fund an amount sufficient for the full and punctual payment of all principal and interest becoming due and payable on the Certificates of Indebtedness herein authorized prior to the date when funds will be available for this purpose from the next tax levy. To the extent that the proceeds of the Property Tax are insufficient, together with other incoming moneys, to provide for the payment of principal and interest during such period, the Revenues of the Port . . . shall be deposited as received in the Sinking Fund. . . . After a sum sufficient to pay such principal and interest requirements for said period has been paid into the aforesaid Sinking Fund, the remainder of the tax revenues and other revenues . . . may be appropriated . . . for any lawful purpose."
2. The 1980 Resolution
 "Section 5.01. Source and Payment of Bonds. The Project [additions, extensions and improvements to the docks and wharves] will be purchased by the Port from the Company [Crowley Maritime Corporation] and resold to the Company pursuant to the Agreement [the Sale Agreement between the Port and the Company]. Payments to be made by the Company under 5.01 of the Agreement are hereby irrevocably assigned to the Trustee and are to be remitted directly to the Trustee for the account of the Port and deposited in the Bond Fund. Tax Avails and other Revenues [moneys derived from the levy and collection of the Property Tax and Revenues authorized to be levied and collected under the authority of LSA-R.S. 34:209] to the extent required to make all payments required by this Resolution . . . are hereby assigned to the Trustee, provided that to the extent that Tax Avails and Other Revenues are not so required, the same may be and are subject to any lawful use of the Port as its governing authority may determine . . ."
In 1990, the state issued $263,903,000 of Gasoline and Fuels Tax Revenue Bonds, the 1990 Series A under the authority of Section 27 and pledged to the payment thereof the Revenues described in Section 27, subject to the payment of certain prior lien obligations payable from the Revenues. The state recognized, among all the prior lien obligations payable first from the Revenues, those obligations issued by the District and described herein. No recognition was given to that portion of the Revenues which the District asserts it is entitled to receive in excess of the annual principal and interest on its outstanding Certificates of Indebtedness.
Based upon our review of the documents submitted, the Statute and Section 27, it is our opinion that, upon the effective date of Section 27, the Statute was superseded by Section 27 and the dedication and allocation of the Tax in accordance with the Statute to the District ceased, with the exception that the payment of debt obligations of the District in existence on such date could continue to the extent that the Tax was pledged to or is required for the payment of said debt obligations.
We hope that this opinion provides a clarification of the issue but if further explanations are necessary, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI:MSH:jav/2716